IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN -7 2009

GREGORY C. LANGHAM
_____ CLERK

Civil Action No. 08-cv-02612-BNB

JAMES K. CONKLETON,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS, Executive Director of the Colorado Department of
    Corrections ("CDOC") in his official capacity,
JOE STOMMEL, in his official capacity as the Program Administrator of the Sex
    Offender Treatment and Monitoring Program ("SOTMP") for the CDOC,
JOHN P. McGILL, in his individual and official capacity as Treatment provider for the
    DCOC's SOTMP,
BONNIE CANTU, in her individual and official capacity as Treatment provider for the
    CDOC's SOTMP,
JAMES LANDER, in his individual and official capacity as Treatment provider for the
    CDOC's SOTMP,
BURL McCULLAR, in his official capacity as Treatment provider for the CDOC's
    SOTMP,
ANTHONY DeCESARO, in his official capacity as the Step III Grievance Officer for the
    CDOC's SOTMP,
AL ESTEP, in his official capacity as the Warden of the CDOC's Fremont Corr. Facility,
JOHN HYATT, in his official capacity as Correctional Officer IV for the CDOC,
ED MURO, in his individual and official capacity as a Correctional Officer I for the
    CDOC,
RICHARD DeGROOT, in his individual and official capacity as Case Manager for the
    CDOC,
THOMAS MISEL, in his official capacity as Case Manager Supervisor for the CDOC,
    and, he is also sued in is individual capacity,
ANTHONY PIPER, in his official capacity as Correctional Officer III for the CDOC,
RICHARD LIND, in his official capacity as Correctional Officer V for the CDOC, and
CATHIE HOST, in her official capacity as Manager for the Office of Corr. Legal
Services for the CDOC,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, James K. Conkleton, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Conkleton has filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993) asking for declaratory and injunctive relief and money damages. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006).

The Court must construe the complaint liberally because Mr. Conkleton is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Conkleton will be ordered to file an amended complaint.

Mr. Conkleton's complaint is single-spaced in violation of D.C.COLO.LCivR 10.1E., which requires all papers to be double-spaced, and consists of thirty-two pages, plus attachments. The complaint is verbose and organized in a confusing manner. At the beginning of the complaint, Mr. Conkleton provides a chronological background, lists three claims in the blanks provided for on the complaint, and then again lists the same three claims, as well as an additional four claims, in the back of the complaint that reference and incorporate paragraphs listed earlier in the complaint.

The amended complaint Mr. Conkleton will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that

the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

It is Mr. Conkleton's responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Conkleton must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. In order for Mr. Conkleton "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant

violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Conkleton should review his claims carefully to ensure that each of the fifteen, named defendants personally participated in the asserted constitutional violations. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Conkleton must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as DOC Executive Director Aristedes W. Zavaras, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Conkleton may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Conkleton uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and

4

that Mr. Conkleton should be given an opportunity to file an amended complaint. He will be directed to do so below. Accordingly, it is

ORDERED that Mr. Conkleton file **within thirty (30) days from the date of this order** an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Conkleton, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Conkleton fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED January 7, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02612-BNB

James K. Conkleton
Prisoner No. 108986
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

  I hereby certify that I have mailed a copy of the **ORDER** and two copies of the **Prisoner Complaint** form to the above-named individuals on 1/7/09

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk