IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02612-WYD-MEH

JAMES K. CONKLETON,

      Plaintiff,

v.

ARISTEDES W. ZAVARAS, in his official capacity as Executive Director of the Colorado
Department of Corrections (CDOC),
JOE STOMMEL, in his official capacity as the Program Administrator of the Sex Offender
Treatment and Monitoring Program (SOTMP) for the CDOC,
JOHN P. MCGILL, in his individual and official capacities as Treatment Provider for the SOTMP,
BONNIE CANTU, in her individual and official capacities as Treatment Provider for the SOTMP,
JAMES LANDER, in his individual and official capacities as Treatment Provider for the SOTMP,
ED MURO, in his individual and official capacities as a Correctional Officer I for the CDOC,
RICHARD DEGROOT, in his individual and official capacities as a Case Manager for the CDOC,
CATHIE HOST, in her official capacity as Manager for the Office of Correctional Legal Services
for the CDOC,
THOMAS MISEL, in his individual and official capacities as Case Manager Supervisor, CDOC,
AL ESTEP, in his official capacity as the Warden of the CDOC's Fremont Correctional Facility, and
RICHARD LIND, in his individual and official capacities as a Correctional Officer V,

      Defendants.

---

## ORDER ON DEFENDANTS' MOTION TO STAY PROCEEDINGS

---

      Pending before the Court is Defendants' Motion to Stay Proceedings Pending Appeal [filed

May 11, 2009; docket #49].  The matter has been referred to this Court for disposition [docket #50].

Oral argument would not materially assist the Court in adjudicating this motion.  For the reasons

stated below, Defendants' Motion to Stay Proceedings is **denied**.

## I.     Background

      Plaintiff instituted this action on December 2, 2008; following Magistrate Judge Boland's

order, Plaintiff filed an Amended Complaint on March 2, 2009.  In essence, Plaintiff alleges that

Defendants have denied him access to mandatory sex offender treatment, subjected him to involuntary exposure and retaliatory transfers, denied him reasonable access to the courts and failed to protect him from the risk of assault.  Before filing the Amended Complaint, however, Plaintiff filed a Motion for Preliminary Injunction, which was denied by Judge Weinsheink on January 21, 2009.  Plaintiff filed a Notice of Appeal of the January 21, 2009 order on February 20, 2009, and on March 19, 2009, the Tenth Circuit Court of Appeals set a briefing schedule and ordered Plaintiff to file a motion for leave to proceed *in forma pauperis* (IFP).   On April 20, 2009, the Tenth Circuit deferred ruling on the substantive aspects of the IFP motion, but ordered Plaintiff to make partial payments of the filing fee.

Defendants waived service of the Amended Complaint and are required to answer or otherwise respond on or before May 18, 2009.  In the meantime, Defendants filed the within Motion to Stay Proceedings, alleging that although they believe there has been no final appealable decision made in this case, the current posture of the Tenth Circuit indicates that it will review the January 21, 2009 order.  Thus, Defendants argue, because the issues set forth in the Motion for Preliminary Injunction are identical or related to the claims raised in the Amended Complaint, Defendants believe the notice of appeal divests this Court of the power to proceed with the litigation.

**II.    Discussion**

The Tenth Circuit Court of Appeals has jurisdiction over interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions...." 28 U.S.C. § 1292(a)(1); *see also United States v. Colorado*, 937 F.2d 505, 507 (10th Cir. 1991).  Thus, it appears on its face that Plaintiff's notice of appeal of the denial of his motion for preliminary injunction in this case is properly before the Tenth Circuit.

2

Typically, filing a timely notice of appeal pursuant to Fed. R. App. P. 3 transfers the matter from the district court to the court of appeals, thus divesting the district court of jurisdiction. *Garcia v. Burlington Northern R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987) (citing *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982)). In collateral matters not involved in the appeal, however, the district court retains jurisdiction. *Id.* (citing *Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546, 1550-51 (11th Cir.), *cert. denied,* 479 U.S. 883 (1986)). Thus, when an interlocutory appeal is taken, the district court retains jurisdiction to proceed with matters not involved in that appeal. *Id.*

The Tenth Circuit has determined that an appeal from an interlocutory order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the underlying action of the merits. *See E.E.O.C. v. Norris*, 216 F.3d 1087, *1 (10th Cir. June 27, 2000) (unpublished) (citing *State of Colorado v. Idarado Mining Co.,* 916 F.2d 1486, 1490 n. 2 (10th Cir.1990)); *see also Fairchild Semiconductor Corp. v. Third Dimension*, 2009 WL 790105, *1 (Fed. Cir. Mar. 25, 2009) (although a district court may not amend or make findings on an injunction during the pendency of an appeal, the court may proceed with the litigation and permit discovery, enter rulings on summary judgment, or hold a trial on the merits) (citing cases). Therefore, the Court in this case may proceed with the litigation of Plaintiff's claims.

Moreover, the Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). However, a stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007). Here, the Court finds that judicial economy and the lack of prejudice to Defendants weigh

against staying the litigation in this matter.

Consequently, the Court will deny the request for a stay of all proceedings in this case pending resolution of the appeal.

**III.     Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Stay Proceedings Pending Appeal [filed May 11, 2009; docket #49] is **denied**.

Dated at Denver, Colorado, this 15th day of May, 2009.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge