IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02612-WYD-MEH

JAMES CONKLETON,

Plaintiff,

v.

ARISTEDES W. ZAVARAS, in his official capacity as Executive Director of the
       Colorado Department of Corrections ("CDOC"),
JOE STOMMEL, in his official capacity as the Program Administrator of the Sex
       Offender Treatment and Monitoring Program ("SOTMP") for the CDOC,
JOHN P. McGILL, in his individual and official capacities as a Treatment Provider
       for the SOTMP,
BONNIE CANTU, in her individual and official capacities as a Treatment Provider
       for the SOTMP,
JOHN LANDER, in his individual and official capacities as a Treatment Provider
       for the SOTMP,
ED MURO, in his individual and official capacities as a Correctional Officer I
       for the CDOC,
RICHARD DeGROOT, in his individual and official capacities as a Case Manager
       for the CDOC,
CATHIE HOST, in her official capacity as Manager for the Officer of Correctional
       Legal Services for the CDOC,
THOMAS MISEL, in his individual and official capacities as Case Manager
       for the CDOC,
AL ESTEP, in his official capacity as the Warden of the CDOC's Fremont Corr.
       Facility, and
RICHARD LIND, in his individual and official capacity as a Correctional Officer V,

Defendants.

## ANSWER

        Defendants DeGroot and Misel, by and through their counsel, the Colorado Attorney

General, hereby submit their Answer to the Amended Prisoner Complaint (Doc. 23, filed March

2, 2009) as to Claim Four. [1]

---

[1] Defendants filed a Motion to Dismiss Claims One, Two, Three, Five, Six and Seven.

## A.    PARTIES

1.      Defendants admit that James K. Conkleton, CDOC # 10896, is a party in this action, and that his current address is the Sterling Correctional Facility, P.O. Box 6000, Sterling, CO 80751-0600.

2.      Defendants admit that Aristedes Zavaras is the Executive Director of the CDOC, 2862 S. Circle Dr., Ste. 148, Colorado Springs, CO 80906-4195.  Defendants further admit that he is party in this action and sued in his official capacity.  Defendants are without sufficient information and knowledge to form an opinion as to the truth of the remaining allegations in this paragraph and therefore deny the same.

3.      Defendants admit that Joe Stommel was the Program Administrator of the CDOC's SOTMP, Arrowhead Correctional Center, P. O. Box 300, Canon City, CO 81215-0300.  Defendants further admit that he is a party in this action and sued in his official capacity.  Defendants are without sufficient information and knowledge to form an opinion as to the truth of the remaining allegations in this paragraph and therefore deny the same.

4.      Defendants admit that John P. McGill was a treatment provider for the SOTMP, Fremont Correctional Facility, P.O. Box 999, Canon City, Colorado, 81215-0999.  Defendants further admit that he is a party in this action and sued in his individual and official capacities.  Defendants are without sufficient information and knowledge to form an opinion as to the truth of the remaining allegations in this paragraph and therefore deny the same.

5.      Defendants admit that Bonnie Cantu was a treatment provider for the SOTMP, Fremont Correctional Facility, P.O. Box 999, Canon City, Colorado, 81215-0999.  Defendants further admit that she is a party in this action and sued in her individual and official capacities.

2

Defendants are without sufficient information and knowledge to form an opinion as to the truth of the remaining allegations in this paragraph and therefore deny the same.

6.      Defendants admit that James Lander was a treatment provider for the SOTMP, Fremont Correctional Facility, P.O. Box 999, Canon City, Colorado, 81215-0999.  Defendants further admit that he is a party in this action and sued in his individual and official capacities. Defendants are without sufficient information and knowledge to form an opinion as to the truth of the remaining allegations in this paragraph and therefore deny the same.

7.      Defendants admit that Ed Muro was a Corrections Officer I for the CDOC, Fremont Correctional Facility, P.O. Box 999, Canon City, Colorado, 81215-0999.  Defendants further admit that he is a party in this action and sued in his individual and official capacities. Defendants are without sufficient information and knowledge to form an opinion as to the truth of the remaining allegations in this paragraph and therefore deny the same.

8.      Defendants admit that Richard DeGroot was a Case Manager for the CDOC, Fremont Correctional Facility, P.O. Box 999, Canon City, Colorado, 81215-0999.  Defendants further admit that he is a party in this action and sued in his individual and official capacities. Defendants are without sufficient information and knowledge to form an opinion as to the truth of the remaining allegations in this paragraph and therefore deny the same.

9.      Defendants admit that Cathie Holst is the CDOC Manager of Correctional Legal Services, 2862 S. Circle Dr., Ste. 148, Canon City, Colorado, 80906-4195.  Defendants further admit that she is a party in this action and sued in her official capacity.  Defendants are without sufficient information and knowledge to form an opinion as to the truth of the remaining allegations in this paragraph and therefore deny the same.

3

10.     Defendants admit that Thomas Misel was a Case Manager for the CDOC, Fremont Correctional Facility, P.O. Box 999, Canon City, Colorado, 81215-0999.  Defendants further admit that he is a party in this action and sued in his individual and official capacities. Defendants are without sufficient information and knowledge to form an opinion as to the truth of the remaining allegations in this paragraph and therefore deny the same.

11.     Defendants admit that Al Estep was the Warden for the Fremont Correctional Facility, P.O. Box 999, Canon City, Colorado, 81215-0300.  Defendants further admit that he is a party in this action and sued in his official capacity.  Defendants are without sufficient information and knowledge to form an opinion as to the truth of the remaining allegations in this paragraph and therefore deny the same.

12.     Defendants admit that Richard Lind was a Correctional Officer V for the CDOC, Limon Correctional Facility, 49030 State Hwy. 71, Limon, CO 80826.  Defendants further admit that he is a party in this action and sued in his individual and official capacities.  Defendants are without sufficient information and knowledge to form an opinion as to the truth of the remaining allegations in this paragraph and therefore deny the same.

## B.  JURISDICTION

Defendants admit that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, but deny they have violated any of the Plaintiff's rights protected by such authority.

## C.  NATURE OF THE CASE

Defendants filed a Motion to Dismiss Claims One, Two, Three, Five, Six and Seven. Insofar as any of the facts in this section relate to these Claims, Defendants are not required to respond to such at this time.  In the alternative, Defendants are without sufficient information

4

and knowledge to form an opinion as to the truth of the allegations contained in this paragraph, and therefore deny the same.  With regard to Claim Four, Defendants deny that they subjected Plaintiff to a retaliatory transfer.

Defendants affirmatively deny that any of Plaintiff's federal or state constitutional or statutory rights were violated, and deny Plaintiff's allegations that their actions or omissions were in violation of Plaintiff's rights.

### D.  CAUSE OF ACTION

### Claim One

Defendants respond to the allegations contained within this section in the same manner as they responded to all the preceding paragraphs set out in this Answer above, and hereby incorporate these responses in full as though fully set forth herein.

Defendants filed a Motion to Dismiss Claims One, Two, Three, Five, Six and Seven. Therefore, no response to the allegations contained in Claim One is required.

In the alternative, Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in Claim One, and therefore deny the same. In addition, Defendants affirmatively deny that any of Plaintiff's federal or state constitutional or statutory rights were violated, and deny Plaintiff's allegations that their actions or omissions were in violation of Plaintiff's rights.

### Claim Two

Defendants respond to the allegations contained within this section in the same manner as they responded to all the preceding paragraphs set out in this Answer above, and hereby incorporate these responses in full as though fully set forth herein.

Defendants filed a Motion to Dismiss Claims One, Two, Three, Five, Six and Seven. Therefore, no response to the allegations contained in Claim Two is required.

In the alternative, Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in Claim two, and therefore deny the same. In addition, Defendants affirmatively deny that any of Plaintiff's federal or state constitutional or statutory rights were violated, and deny Plaintiff's allegations that their actions or omissions were in violation of Plaintiff's rights.

## Claim Three

Defendants respond to the allegations contained within this section in the same manner as they responded to all the preceding paragraphs set out in this Answer above, and hereby incorporate these responses in full as though fully set forth herein.

Defendants filed a Motion to Dismiss Claims One, Two, Three, Five, Six and Seven. Therefore, no response to the allegations contained in Claim Three is required.

In the alternative, Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in Claim Three, and therefore deny the same.  In addition, Defendants affirmatively deny that any of Plaintiff's federal or state constitutional or statutory rights were violated, and deny Plaintiff's allegations that their actions or omissions were in violation of Plaintiff's rights.

## Claim Four

Defendants respond to the allegations contained within this section in the same manner as they responded to all the preceding paragraphs set out in this Answer above, and hereby incorporate these responses in full as though fully set forth herein.

1.     Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in paragraphs 71, 72, 73, 74, 75, 76, 78, 79, 80, 81, 82, 83, 84 and 86, and therefore deny the same.

2.     With regard to the allegations contained in paragraph 77, Defendants admit that Defendant DeGroot completed an Inmate Reclassification Custody Rating form on September 20, 2007, and that the form stated "Routine Review: He is moving to LCF in denial." Defendants are without sufficient information and knowledge to form an opinion as to the truth of the remaining allegations contained in this paragraph and therefore deny the same.

3.     Defendants deny the allegations contained in paragraphs 85, 87, 88 and 89.

4.     Defendants affirmatively deny that any of Plaintiff's federal or state constitutional or statutory rights were violated, and deny Plaintiff's allegations that their actions or omissions were in violation of Plaintiff's rights.

**Claim Five**

Defendants respond to the allegations contained within this section in the same manner as they responded to all the preceding paragraphs set out in this Answer above, and hereby incorporate these responses in full as though fully set forth herein.

Defendants filed a Motion to Dismiss Claims One, Two, Three, Five, Six and Seven. Therefore, no response to the allegations contained in Claim Five is required.

In the alternative, Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in Claim Five, and therefore deny the same.  In addition, Defendants affirmatively deny that any of Plaintiff's federal or state constitutional or statutory rights were violated, and deny Plaintiff's allegations that their actions or omissions were in violation of Plaintiff's rights.

**Claim Six**

Defendants respond to the allegations contained within this section in the same manner as they responded to all the preceding paragraphs set out in this Answer above, and hereby incorporate these responses in full as though fully set forth herein.

Defendants filed a Motion to Dismiss Claims One, Two, Three, Five, Six and Seven. Therefore, no response to the allegations contained in Claim Six is required.

In the alternative, Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in Claim Six, and therefore deny the same. In addition, Defendants affirmatively deny that any of Plaintiff's federal or state constitutional or statutory rights were violated, and deny Plaintiff's allegations that their actions or omissions were in violation of Plaintiff's rights.

**Claim Seven**

Defendants respond to the allegations contained within this section in the same manner as they responded to all the preceding paragraphs set out in this Answer above, and hereby incorporate these responses in full as though fully set forth herein.

Defendants filed a Motion to Dismiss Claims One, Two, Three, Five, Six and Seven. Therefore, no response to the allegations contained in Claim Seven is required.

In the alternative, Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in Claim Seven, and therefore deny the same.  In addition, Defendants affirmatively deny that any of Plaintiff's federal or state constitutional or statutory rights were violated, and deny Plaintiff's allegations that their actions or omissions were in violation of Plaintiff's rights.

### E.  PREVIOUS LAWSUITS

Defendants are without sufficient information and knowledge to form an opinion as to the truth of the allegations contained in this paragraph, and therefore deny the same.

### F.        ADMINISTRATIVE RELIEF

Defendants admit there is a formal grievance procedure at the institution(s) where Plaintiff is incarcerated, but are without sufficient information and knowledge to form an opinion as to the truth of the allegations concerning the exhaustion of administrative remedies and therefore deny the same.

### G.  REQUEST FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in Plaintiff's Complaint.

### GENERAL DENIAL

Defendants deny each and every allegation contained within Plaintiff's Complaint unless expressly admitted herein.

### AFFIRMATIVE DEFENSES

1.        Plaintiff's Complaint fails, in whole or in part, to state a claim against upon which relief may be granted.

2.        Plaintiff's claims may be limited or barred by sovereign immunity pursuant to the Eleventh Amendment, as well as absolute, limited or qualified immunity.

3.        Defendants affirmatively assert that Plaintiff's federal and state rights were not violated and that Plaintiff has been afforded all the rights, privileges and immunities granted by the United States Constitution and Colorado law.

4.      Defendants affirmatively assert that they have followed the regulations and procedures established by the CDOC and the laws passed by the Colorado State legislature, in regards to the claims at issue.

5.      Defendants' actions, applicable CDOC regulations and state laws are supported by legitimate penological interests, goals and objectives.

6.      Defendants' actions, applicable CDOC regulations and state laws are supported by compelling interests, goals and objectives, and constitute the least restrictive means of effectuating those interests, goals and objectives.

7.      Plaintiff's claims are barred in whole or in part by the Prison Litigation Reform Act, including, but not limited to, the physical injury and exhaustion requirements of the Prison Litigation Reform Act.

8.      Plaintiff's claims may be barred in whole or in part by the applicable statute(s) of limitations.

9.      Plaintiff's claims may be barred in whole or in part by the doctrines of collateral estoppel and *res judicata*.

10.     Plaintiff is not entitled to the relief being sought or claimed in the Complaint under the legal theories therein asserted.

11.     Plaintiff's claims fail to state a claim upon which relief can be granted as the Defendants did not personally participate in the events complained of.

12.     Plaintiff has failed to mitigate his damages.

13.     Plaintiff's claimed damages, if any, were caused by a third person(s) over whom Defendants have or had no control.

14.     Any injuries which Plaintiff claims to have pre-existed any alleged acts or omissions on the part of these Defendants.

15.     Defendants reserve the right to assert additional defenses which become known during the course of discovery.

## JURY DEMAND

**Defendants hereby demand the right to a trial by jury.**

Respectfully submitted this 18th day of May, 2009.

JOHN W. SUTHERS
Attorney General

s/ Jennifer S. Huss
JENNIFER S. HUSS, #36176
Assistant Attorney General*
Civil Litigation & Employment Law Section
Attorneys for Defendants

1525 Sherman Street, 7th Floor
Denver, Colorado  80203
Telephone:  303-866-4472
Facsimile:  303-866-5443
*Counsel of Record

## CERTIFICATE OF SERVICE

This to certify that I have duly served the within ANSWER upon all parties herein by

depositing copies of same in the United States mail, postage prepaid, at Denver, Colorado, this

18th day of May, 2009, addressed as follows:

James Conkleton, # 108986                   *Courtesy copies by e-mail to*:
Sterling Correctional Facility              Cathie Holst, CDOC
P.O. Box 6000                               Shawna Roche, SCF
Sterling, CO 80751-0600


                                            s/ Mariah Cruz-Nanio