IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02612-WYD-MEH

JAMES K. CONKLETON,

        Plaintiff,

v.

ARISTEDES W. ZAVARAS, in his official capacity as Executive Director of the Colorado
Department of Corrections (CDOC),
JOE STOMMEL, in his official capacity as the Program Administrator of the Sex Offender
Treatment and Monitoring Program (SOTMP) for the CDOC,
JOHN P. MCGILL, in his individual and official capacities as Treatment Provider for the SOTMP,
BONNIE CANTU, in her individual and official capacities as Treatment Provider for the SOTMP,
JAMES LANDER, in his individual and official capacities as Treatment Provider for the SOTMP,
ED MURO, in his individual and official capacities as a Correctional Officer I for the CDOC,
RICHARD DEGROOT, in his individual and official capacities as a Case Manager for the CDOC,
CATHIE HOST, in her official capacity as Manager for the Office of Correctional Legal Services
for the CDOC,
THOMAS MISEL, in his individual and official capacities as Case Manager Supervisor, CDOC,
AL ESTEP, in his official capacity as the Warden of the CDOC's Fremont Correctional Facility, and
RICHARD LIND, in his individual and official capacities as a Correctional Officer V,

        Defendants.

_____

**ORDER ON DEFENDANTS' MOTION TO STAY**
_____

        Pending before the Court is Defendants' Motion to Stay Discovery in Part Based on

Qualified Immunity ("Motion to Stay")[docket #75].  The motion has been referred to this Court for

disposition [docket #76].  Oral argument would not materially assist the Court in adjudicating this

motion.  For the reasons stated below, Defendants' Motion to Stay is **granted**.

**I.      Background**

        Plaintiff instituted this action on December 2, 2008; following Magistrate Judge Boland's

order, Plaintiff filed an Amended Complaint on March 2, 2009.  In essence, Plaintiff alleges that

Defendants, in their official and individual capacities, have denied Plaintiff access to mandatory sex

offender treatment, subjected him to involuntary exposure and retaliatory transfers, denied him reasonable access to the courts and failed to protect him from the risk of assault.  On May 18, 2009, Defendants responded to the Amended Complaint by filing a Motion to Dismiss in Part (as to all claims except Claim Four).  *See* docket #54.  Thereafter, Defendants filed the within Motion to Stay contending that, because they have asserted qualified immunity as a defense and such assertion does not implicate any contested factual issues, discovery should be stayed as to Claims One, Two, Three, Five, Six and Seven pending disposition of their Motion to Dismiss.  *See* docket #75 at 2.

## II.    Discussion

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998).  Therefore, "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens*, 516 U.S. at 310 (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation.  *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001).

In this case, Defendants filed a Motion to Dismiss certain claims set forth in Plaintiffs' Amended Complaint alleging that the individual Defendants enjoy qualified immunity from the Plaintiffs' claims.  In addition, the Defendants have raised the defense of Eleventh Amendment

immunity for claims alleged against them in their official capacities.

The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Because Defendants' Motion to Dismiss raises legal questions of this Court's jurisdiction over the subject matter of the dispute, the questions should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534. Consequently, the Court will grant the requested stay as to all discovery regarding Claims One, Two, Three, Five, Six and Seven pending the disposition of the Motion to Dismiss filed by Defendants; discovery regarding Claim Four may proceed in accordance with the Scheduling Order in this matter.

## III.    Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Stay Discovery in Part Based on Qualified Immunity [filed July 28, 2009; docket #75] is **granted**. All discovery is hereby stayed as to Claims One, Two, Three, Five, Six and Seven pending the District Court's ruling on Defendants' Motion to Dismiss. Discovery regarding Claim Four may proceed in accordance with the Scheduling Order in this matter. The parties are directed to submit a status report within five days of the entry of any order adjudicating the Motion to Dismiss.

Dated at Denver, Colorado, this 29th day of July, 2009.

BY THE COURT:

Michael E. Hegarty

_____
Michael E. Hegarty
United States Magistrate Judge