IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-02612-WYD-MEH

JAMES K. CONKLETON,

     Plaintiff,

v.

ARISTEDES W. ZAVARAS, in his official capacity as Executive Director of the
Colorado Dept. of Corrections ("CDOC");
JOE STOMMEL, in his official capacity as the Program Administrator of the Sex
Offender Treatment and Monitoring Program ("SOTMP") for the CDOC;
JOHN P. McGILL, in his individual and official capacities as a Treatment Provider
for the SOTMP;
BONNIE CANTU, in her individual and official capacities as Treatment Provider for the
SOTMP;
JAMES LANDER, in his individual and official capacities as Treatment Provider for the
SOTMP;
ED MURO, in his individual and official capacities as a Correctional Officer I for the
CDOC;
RICHARD DeGROOT, in his individual and official capacities as a Case Manager for the
CDOC;
CATHIE HOLST, in her official capacity as Manager for the Office of Correctional Legal
Services for the CDOC;
THOMAS MISEL, in his individual and official capacities as Case Manager for the
CDOC;
AL ESTEP, in his official capacity as the Warden of the CDOC' s Fremont Corr. Facility;
and
RICHARD LIND, in his individual and official capacity as a Correctional Officer V,

     Defendants.

---

## ORDER

---

I.    <u>INTRODUCTION</u>

    This matter is before the Court on two motions to dismiss filed by Defendants on

May 18, 2009, and December 11, 2009, respectively.  The first motion is Defendants'

Motion to Dismiss in Part.  That motion seeks dismissal of Claims One, Two, Three, Five, Six and Seven; Claim Four was not addressed.  A response to the motion was filed on June 25, 2009, and a reply was filed on July 13, 2009.

This motion was referred to Magistrate Judge Hegarty for a recommendation by Order of Reference dated April 28, 2009, and Memorandum of May 19, 2009.  A Recommendation was filed on October 1, 2009, and is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Hegarty finds in the Recommendation that Plaintiff has stated a cognizable claim for prospective injunctive and declaratory relief against Defendants Zavaras and Stommel with respect to Claim One (a Fourteenth Amendment Due Process claim), but that the remainder of Claim One as well as Claims Two, Three, Five, Six and Seven should be dismissed.  *Id.* at 23.

On October 9, 2009, "Defendants Objection in Part to Magistrate Judge's Recommendation on Defendants' Motion to Dismiss in Part (Doc. 89)" was filed. Plaintiff filed an Objection in Part to Magistrate Judge's Recommendation on Defendants' Motion to Dismiss in Part on December 1, 2009.  These objections necessitate a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

Thereafter, on December 11, 2009, Defendants' Motion to Dismiss Injunctive and Declaratory Judgment Claims as Moot was filed.  Defendants argue therein that the injunctive and declaratory judgment claims in Claim One, which seek a transfer of

Plaintiff to a Sex Offender Treatment and Monitoring Program ("SOTMP") facility and placement in Phase I of the SOTMP, should be dismissed as moot because Plaintiff has been transferred to the Fremont Correctional Facility where he is now participating in the SOTMP.  Plaintiff filed a response on January 4, 2010, and a reply was filed on January 14, 2010.  This motion is addressed first below, as it impacts the Recommendation of October 1, 2009, as to Claim One issued by Magistrate Judge Hegarty.

II.    ANALYSIS

     A.    <u>Defendants' Motion to Dismiss Injunctive and Declaratory Judgment Claims as Moot</u>

In Claim One, Plaintiff requested that he immediately be transferred to a new facility and placed into Phase I of the SOTMP.  Plaintiff also sought a declaratory judgment that CDOC AR 700-19 is unconstitutional as applied to Plaintiff; that § 18-1.3-1001, C.R.S., is unconstitutional as applied to Plaintiff; and that prisoners such as Plaintiff be afforded due process prior to their transfer from an SOTMP facility to a non-SOTMP facility.  Plaintiff asserts that the Colorado Department of Corrections ("CDOC") regulations lack provisions to protect prisoners' due process rights while awaiting reentry into the SOTMP and that CDOC has done nothing to change these regulations.

As discussed above, Defendants argue that the injunctive and declaratory judgment claims in Claim One are moot because Plaintiff was transferred to a facility with the SOTMP and he is now participating in the SOTMP.  Further, Defendants argue that the declaratory judgment claim is also moot as to the claim regarding the

constitutionality of the regulation and statute because a ruling will amount to nothing more than a declaration that Plaintiff was wronged, and will not affect the Defendants' behavior toward the Plaintiff.

Turning to my analysis, Defendants are correct that federal courts may adjudicate only actual controversies. *Disability Law Center v. Millcreek Health Center*, 428 F.3d 992, 996 (10th Cir. 2005). "'Mootness is a threshold issue [that must be resolved] because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.'" *Id.* (quotation omitted). According to the Tenth Circuit, "'what makes a declaratory judgment action a proper judicial resolution of a case or controversy rather than an advisory opinion-is the settling of some dispute which affects the behavior of the defendant toward the plaintiff. Hence, . . . a plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured by the defendant in the future.'" *Corder v. Lewis Palmer School Dist. No. 38*, 566 F.3d 1219, 1224 (10th Cir. 2009) (quotation omitted).

The controversy "'must exist during all stages of . . . review. Once such controversy ceases to exist, the action is moot and th[e] court lacks jurisdiction" over the matter.'" *Disability Law Center*, 428 F.3d at 996 (quotation omitted). "'A federal court has no power to give opinions upon moot questions or declare principles of law which cannot affect the matter in issue in the case before it.'" *Id.* (quotation omitted). "An abstract, conjectural, or hypothetical injury is not enough to support jurisdiction." *Id.*

Here, Plaintiff does not dispute Defendants' contention that he has been transferred to Fremont Correctional Center where he is now participating in Phase I of

the SOTMP.  I find from this that there is not currently an actual controversy between the parties as to the requested declaratory and injunctive relief regarding placement into the SOTMP since Plaintiff has obtained the relief he requested.  In other words, the issues presented are no longer "live".  *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). Plaintiff also no longer has a cognizable legal interest in the result in this case as his damages claim has been dismissed.  *See id.* at 482.

Plaintiff correctly notes, however, that an exception to the mootness doctrine exists when cases are "capable of repetition, yet evading review."  *Id.*  "But this exception arises only when: '(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [i]s a reasonable expectation that the same complaining party w[ill] be subjected to the same action again.'"  *Corder*, 566 F.3d at 1225 (quotation omitted).  "'[T]he capable-of-repetition doctrine applies only in exceptional circumstances, and generally only where ... plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality.'"  *McAlpine v. Thompson*, 187 F.3d 1213, 1216-17 (10th Cir. 1999)(quotation omitted). Cases evade review when "the duration of the challenged action is too short to be fully litigated prior to its cessation or expiration."  *Disability Law Center*, 428 F.3d at 997.

I agree with Defendants that Plaintiff has not demonstrated that the challenged action has an inherent problem of limited duration so as to evade judicial review. According to Plaintiff, the duration of the challenged action—reentry into the SOTMP— was approximately six years.  (Doc. # 116, p. 4.)  I find that this time period is not too short to be fully litigated prior to its cessation or expiration.  (*See* Doc. 23, p. 8.)

I also find that Plaintiff has not demonstrated that there is a reasonable expectation that the allegations complained of in Claim One will reoccur. He has not provided anything to indicate that he will likely be terminated and denied reentry from the SOTMP. A speculative argument that a moot issue might one day again become an issue cannot be considered. *White v. State of Colorado*, 82 F.3d 364, 366 (10th Cir. 1996); *see also Hunt*, 455 U.S. at 482 ("a] mere physical or theoretical possibility" that the same controversy will recur is not enough); *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 324-25 (1936) ("Claims based merely on 'assumed potential invasions' of rights are not enough to warrant judicial intervention"). The probability must be "demonstrated," not merely alleged. *Hunt*, 455 U.S. at 482.

Plaintiff also argues that voluntary cessation of the allegedly illegal conduct does not deprive the court of power to hear the case, *i.e.*, does not make the case moot, citing *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979). However, even under that scenario a case will become moot if "it can be said with assurance that 'there is no reasonable expectation . . .' that the alleged violation will not recur.'" *Id.* (quotation omitted). Since I found that there is not a reasonable expectation that the due process violation will recur, this exception also does not apply.

Plaintiff claims, however, that a violation is likely to reoccur because CDOC regulations lack provisions to protect a prisoner's due process rights while awaiting reentry into the SOTMP. (Doc. # 116, pp. 5-6.) However, Plaintiff has now reentered the program. Further, the CDOC has shown that it now provides due process if an offender is terminated from the SOTMP, as set forth in AR 700-32. This regulation had

not been implemented at the time Plaintiff was originally terminated from the SOTMP in July 2003. If Plaintiff is again terminated from the SOTMP, he will now be provided with notice and a hearing prior to such termination which will protect his due process rights. *See* AR 700-32(IV). Thus, before there is ever an issue of reentry in the future, Plaintiff will already have been afforded due process. Therefore, I agree with Defendants that Plaintiff cannot demonstrate that there is a reasonable expectation that he will again be denied due process. Accordingly, I find that the injunctive claim is moot.[1]

I also find that the declaratory judgment claim regarding the constitutionality of the regulations and/or Colorado statute is moot. I agree with Defendants that any finding will amount to nothing more than a declaration that Plaintiff was wronged, and will not affect Defendants' behavior toward the Plaintiff. In other words, Plaintiff cannot show that he will suffer injury in the future from the laws he challenges. He has already been allowed to reenter the program, and will be afforded due process if he is terminated from the program and before any attempt at reentry.

Based on the foregoing, Defendants' Motion to Dismiss Injunctive and Declaratory Judgment Claims as Moot is **GRANTED**. The portion of Claim One seeking injunctive and prospective relief against Defendants Zavaras and Stommel is **DISMISSED**.

---

[1] Plaintiff also attempts to seek declaratory judgment on behalf of other prisoners, specifically that they be afforded due process prior to their transfer from an SOTMP facility (doc. # 23, p. 35). However, Plaintiff does not have standing to assert such claims on behalf of other inmates. *Swoboda v. Dubach*, 992 F.2d 286, 289-90 (10th Cir. 1993).

B.  The Recommendation on Defendants' Motion to Dismiss in Part

I now turn to the Recommendation on Defendants' Motion to Dismiss in Part issued October 1, 2009, and Objections thereto.  I first reject as moot that portion of the Recommendation that addresses Claims Five and Seven.  Those claims were previously dismissed by Order of January 22, 2010, at the request of Plaintiff and with Defendants' consent.

Turning to Defendants' objection, they object only to Magistrate Judge Hegarty's recommendation that the motion to dismiss be denied as to the portion of Claim One asserting prospective injunctive and declaratory relief against Zavaras and Stommel.  Since I found in the previous section that those claims are now moot and subject to dismissal, the Recommendation on this portion of Claim One is also moot and will be denied on that basis.

I now turn to Plaintiff's objection.  He objects to the recommendation that Defendants McGill, Lander and Cantu be granted qualified immunity and dismissed from Claim One.  He also objects to the recommendation that Claims Two, Three, and Six be dismissed.

I first address the objection regarding the grant of qualified immunity to Defendants McGill, Lander and Cantu and the recommendation that they be dismissed from Claim One.  Magistrate Judge Hegarty found that there was no established Tenth Circuit or Supreme Court authority finding a liberty interest in sex offender treatment, and found "no established weight of authority from other courts finding a liberty interest under these circumstances."  (Recommendation at 14.)  Therefore, he found that

"plaintiff's due process right was not clearly established at the time he was denied reentry in the SOTMP."  (*Id.*)

Plaintiff objects arguing that the rule identifying when a state statute creates a liberty interest was clear enough for a reasonable official to see that the denial of treatment under the statute regarding Sex Offender Life Supervision, Colo. Rev. Stat. § 18-1.3-1000 *et seq.*, was unlawful based on general law defining how a statute creates a liberty interest or "entitlement."  In that regard, Plaintiff cites *United States v. Lanier*, 520 U.S. 259, 271 (1997) for the proposition that "a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question, even though 'the very act in question has [not] previously been unlawful.'"  *Id.* (quotation omitted).  Plaintiff further cites *Helm v. Colorado*, 244 Fed. Appx. 857, 858 n. 2 (10th Cir. 2007); *Ohlinger v. Watson*, 652 F.2d 775 (9th Cir. 1980); *Beebe v. Heil*, 333 F. Supp. 2d 1011 (D. Colo. 2004) and other authority.  He argues that *Helm*, although unpublished, shows that if the Circuit were faced with a case like this it would affirm *Beebe*, since it found that the denial of treatment under the Sex Offender Lifetime Supervision Act of 1998 ("SOLSA") would be unconstitutional.

Plaintiff argues that these Defendants are not prison guards but are trusted with administering treatment under SOLSA; thus, they should be held to the standard of a reasonably competent public official who should know the law governing their conduct. Plaintiff also argues that absent from the magistrate judge's findings was evidence that he considered whether it was objectively unreasonable for Defendants to believe that

denying mandatory sex offender treatment to a prisoner whose sentence required such treatment did not violate the law.

I overrule Plaintiff's objections as to Claim One. First, I find that *Lanier* is not applicable, as I find that Plaintiff has not demonstrated that a general constitutional rule already identified in the decisional law applies with obvious clarity to the specific conduct in question. Instead, as noted in *Lanier*, "general statements of the law are not inherently capable of giving fair and clear warning." *Id.*, 520 U.S. at 271. Second, Plaintiff has not cited any Tenth Circuit or Supreme Court authority finding a liberty interest in sex offender treatment. While he cites the *Helm* decision of the Tenth Circuit, that case was unpublished and has no precedential value. Moreover, *Helm* did not specifically address whether Mr. Helm had a due process interest in connection with SOLSA, since it found that he was subject to the 1968 Act where treatment for sexual offenses was discretionary, not the 1998 Act that made sex offender treatment mandatory for offenses committed after November 1998. *Id.*, 244 Fed. Appx. at 858. Accordingly, I affirm the recommendation to dismiss Claim One as to Defendants McGill, Lander and Cantu and overrule Plaintiff's objections. Since this Claim was previously dismissed as to Defendants Zavaras and Stommel regarding the prospective and injunctive relief sought against them, this claim is dismissed in its entirety.

Plaintiff also objects to the recommendation that Claims Two and Six be dismissed. Magistrate Judge Hegarty recommended that these claims be dismissed on the basis of qualified immunity because Plaintiff failed to state Eighth Amendment violations against them.

More specifically, as to Claim Two, the Recommendation stated that while Plaintiff alleges that he was diagnosed with mental deficiencies mandating treatment by a doctor affiliated with the CDOC for purposes of sentencing, he does not claim that the doctor found such deficiencies related to the sex offenses for which he was charged nor that the doctor determined the sex offender program was medically necessary to treat Plaintiff's deficiencies. (Recommendation at 16-17.) Further, the Recommendation found that "Plaintiff's conclusory statement that 'without prescribed treatment, [his] mental deficiencies will not improve . . .[but] will deteriorate' is nothing more than speculation and fails to demonstrate that he is suffering a sufficiently serious harm." (*Id.* at 17.) Because a risk of harm is not substantial, Magistrate Judge Hegarty found that Plaintiff cannot show that Defendants' disregard of the mental deficiencies (if any) violated the Eighth Amendment. (*Id.*)

Plaintiff objects to this recommendation arguing that the magistrate judge failed to compare the SOLSA statutes which define sex offender treatment as a serious medical need where it is determined that sex offenders suffer from mental deficiencies, require evaluation to determine the extent of mental deficiencies, and require treatment so that the offenders will not continue to present a danger to the public. In other words, Plaintiff argues that SOLSA automatically deems that persons convicted of sex offenses have a mental deficiency and that this problem can only be addressed through mental health treatment. I do not agree. First, I have found nothing in SOLSA which supports a finding that all sex offenders are mentally ill and require treatment for same. *See* Colo. Rev. Stat. § 18-1.3-1001, *et seq.* Indeed, as to treatment, the Colorado

Legislature noted only that "*some* sex offenders respond well to treatment." *Id.*, § 18-1.3-1001 (emphasis added).

Second, the Tenth Circuit has held that "[t]he mere fact that the plaintiffs are convicted sex offenders does not mean that they have psychological disorders or that they are in need of psychiatric treatment. *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996). There were no averments in that case "of diagnosis by a physician of a medical need mandating treatment, nor of a condition which a lay person would easily recognize as necessitating a doctor's treatment." *Id.* Similarly, Plaintiff in this case has not alleged that any physician at the CDOC has prescribed medical treatment for Plaintiff's alleged mental deficiencies or that Defendants knew or should have known that Plaintiff required such treatment. Accordingly, I overrule Plaintiff's objections and affirm the Recommendation to grant Defendants' Motion to Dismiss as to this claim.

As to Claim Six, the Recommendation notes that Plaintiff alleges on March 24, 2008, he was transferred from Unit 1 to Unit 5 at the Limon Correctional Facility and, because he feared for his life and safety as a result of potential threats by other non-sex offender inmates, refused to go and was placed in segregation. (*Id.*) Magistrate Judge Hegarty found that Plaintiff had not alleged that he was harmed or received any threats upon being told he would be moved to Unit 5 or in his placement in segregation or any time thereafter until his transfer to Sterling. (Recommendation at 17.) Therefore, he found that Plaintiff failed to allege that he was exposed to conditions posing an unreasonable risk of serious damage to his future health and thus did not state a cognizable Eighth Amendment violation. (*Id.*)

Plaintiff objects to the recommendation as to Claim Six asserting that the magistrate judge did not draw a reasonable inference of future harm from the allegations. Plaintiff alleges that it is common knowledge that sex offenders face an increased risk of harm in facilities without an SOTMP, and asserts that a fair reading of the grievance process for the claim (Attachment 2 to the Objection) shows that a genuine concern was expressed as to future safety. (*See* Objection at 11.) Further, Plaintiff argues that the Court should obtain further evidence on the issue of future safety pursuant to Rule 72, giving examples of how he was still in danger from physical assault after he was moved to the Sterling Correctional Facility. Alternatively, Plaintiff asserts that the Court could order that the complaint be amended.

Turning to my analysis, "'[t]o establish a cognizable Eighth Amendment claim for failure to protect [an inmate from harm by other inmates], the plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm[,], the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006) (quoting *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003)). I agree with Magistrate Judge Hegarty that Plaintiff's Amended Complaint does not allege that Plaintiff was harmed or that he received threats in connection with being moved. However, there are other allegations that must be addressed in determining whether Plaintiff has stated an Eighth Amendment claim.

Specifically, Plaintiff alleges that he was moved to Unit 1 "due to threats he was receiving from the other prisoners due to the nature of his conviction, a sex offense",

Defendant Lind told Plaintiff that he was being moved from Unit 1 to Unit 5 as "unit one was not going to be used to protect sex offenders", that "[o]ther sex offenders had been assaulted in LCF in the time-frame Defendant Lind was ordering Plaintiff to move, and [Lind] reasonably should have known this", and that "[i]t is well known that sex offenders face an increased risk of harm, especially in facilities without an SOTMP."  (Am. Compl., ¶¶ 115-116, 119.)  It also is alleged that Defendant Lind "acted with deliberate indifference when he decided to have Plaintiff moved from Unit 1 to Unit 5 in LCF", Lind knew that by making Plaintiff move, he was subjecting Plaintiff to a serious increase in the risk of physical assault" and that "Lind's act was unreasonable since there was no need for bed space in Unit 1, and other sex offender prisoners were also in the unit." (*Id.* ¶ 120.)

Accepting Plaintiff's allegations as true and construing the allegations in the light most favorable to Plaintiff as I must for purposes of the motion to dismiss, I find that Plaintiff has sufficiently stated a claim under the Eighth Amendment in connection with this claim.  In other words, I find that the complaint contains "enough facts to state a claim for relief that is plausible on its face" regarding a claim that he was to be transferred under conditions posing a substantial risk of serious harm.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007).  Further, I find for purposes of the motion to dismiss that there are allegations from which it can be inferred that Lind knew of a risk of serious assault to Plaintiff if he were transferred and disregarded that risk. Accordingly, I sustain Plaintiff's objections as to Claim Six and reject the portion of the Recommendation that recommends dismissing this claim.

Finally, as to Claim Three the Recommendation noted that Plaintiff alleges that he suffered retaliation for assisting other inmates with filing administrative grievances. (Recommendation at 17.)  Magistrate Judge Hegarty agreed with Defendants that there is no constitutional right to assist others with grievances.  Accordingly, he found that Plaintiff failed to state a cognizable First Amendment retaliation claim and that Defendant Muro should be granted qualified immunity from this claim.  (*Id.* at 17-18.)

I affirm that portion of the Recommendation which found that Claim Three should be dismissed as to allegations that Plaintiff was retaliated against in violation of the First Amendment because he assisted other prisoners with grievances.  Magistrate Judge Hegarty correctly found that it is well established that a prisoner does not have a protected interest in providing legal representation to other inmates and that Plaintiff failed to state a cognizable First Amendment retaliation claim in connection with this allegation.  (Recommendation at 18) (citing *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)).  Accordingly, I agree with the Recommendation that Defendant Muro is entitled to qualified immunity on this portion of the third claim.  (*Id.*)  It appears that Plaintiff did not make any specific objections to this portion of the Recommendation.

Instead, Plaintiff objects to the recommendation to dismiss the third claim on the basis that Magistrate Judge Hegarty failed to accept Paragraph 60 of the Complaint as true and construe it in the light most favorable to Plaintiff.  That paragraph alleges that after Plaintiff told Defendant Muro that he was going to file a grievance against him Defendant Muro responded that he would have Plaintiff placed into segregation.  Paragraph 61 states that 20-30 minutes later, security staff arrived and informed Plaintiff

that he was going to be placed into segregation.  Accepting these allegations as true and construing them in the light most favorable to Plaintiff, I find that it can be inferred that Plaintiff's statement to Muro that he was going to file a grievance against him was the catalyst for Muro's initiation of the process to have Plaintiff placed into segregation. I agree with Plaintiff that this allegation falls squarely within the definition of retaliation in conjunction with the exercise of a constitutional right.  *See Fogle v. Peterson*, 435 F.3d 1252, 1263-64 (10th Cir. 2006).  Accordingly, Plaintiff's objections are sustained and the recommendation to dismiss Claim Three is rejected as to the allegations in Paragraphs 60 and 61 of the Complaint.

III.    CONCLUSION

For the reasons stated above, it is

ORDERED that Defendants' Motion to Dismiss Injunctive and Declaratory Judgment Claims as Moot [doc. # 114] is **GRANTED**.  Plaintiff's Injunctive and Declaratory claims are **DISMISSED** as moot.  It is

FURTHER ORDERED that the Recommendation on Defendants' Motion to Dismiss in Part filed October 1, 2009 [doc. # 89], is **AFFIRMED IN PART AND REJECTED IN PART**.  Specifically, the Recommendation to grant Defendants' Motion to Dismiss is **AFFIRMED** as to Claims One and Two, **AFFIRMED IN PART AND REJECTED IN PART** as to Claim Three, **REJECTED AS MOOT** as to Claims Five and Seven since these claims were previously dismissed,, and **REJECTED** as to Claim Six. In accordance therewith, it is

ORDERED that Defendants' Motion to Dismiss in Part [doc. # 54] is **GRANTED IN PART AND DENIED IN PART** consistent with the Recommendation.  Specifically, the motion is **GRANTED** as to Claims One and Two and these claims are **DISMISSED**.  The Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART** as to Claim Three—specifically, it is **GRANTED** as to the portion of Claim Three that alleges Plaintiff was retaliated against for assisting other prisoners with their grievances and **DENIED** as to the allegations in paragraphs 60 and 61 that Plaintiff was retaliated against after he told Muro that he was going to file a grievance again him.  The Motion to Dismiss is **DENIED** as to Claim Six.  It is

FURTHER ORDERED that "Defendants Objection in Part to Magistrate Judge's Recommendation on Defendants' Motion to Dismiss in Part (Doc. 89)" [doc. # 95] is **DENIED AS MOOT** in light of the fact that I granted Defendants' Motion to Dismiss Injunctive and Declaratory Judgment Claims as Moot.  Finally, it is

ORDERED that Plaintiff's Objection in Part to Magistrate Judge's Recommendation on Defendants' Motion to Dismiss in Part [doc. # 112] is **SUSTAINED IN PART AND OVERRULED IN PART** consistent with this Order.

Dated:  March 15, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge