IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02612-WYD-MEH

JAMES K. CONKLETON,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS, in his official capacity as Executive Director of the Colorado Department of Corrections (CDOC),
JOE STOMMEL, in his official capacity as the Program Administrator of the Sex Offender Treatment and Monitoring Program (SOTMP) for the CDOC,
JOHN P. MCGILL, in his individual and official capacities as Treatment Provider for the SOTMP,
BONNIE CANTU, in her individual and official capacities as Treatment Provider for the SOTMP,
JAMES LANDER, in his individual and official capacities as Treatment Provider for the SOTMP,
ED MURO, in his individual and official capacities as a Correctional Officer I for the CDOC,
RICHARD DEGROOT, in his individual and official capacities as a Case Manager for the CDOC,
CATHIE HOLST, in her official capacity as Manager for the Office of Correctional Legal Services for the CDOC,
THOMAS MISEL, in his individual and official capacities as Case Manager Supervisor, CDOC,
AL ESTEP, in his official capacity as the Warden of the CDOC's Fremont Correctional Facility, and
RICHARD LIND, in his individual and official capacities as a Correctional Officer V,

    Defendants.

---

## RECOMMENDATION ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment [filed January 1, 2010; docket #117]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation [docket #118]. The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons set forth below, the Court RECOMMENDS Plaintiff's Motion for Partial Summary Judgment be **denied**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

**BACKGROUND**

Plaintiff is a state prisoner incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Plaintiff brings this action pursuant to Section 1983 of Title 42 of the United States Code, asserting violations of the First, Fourth, Eighth, and Fourteenth Amendments. (Docket #23 at 6.) Plaintiff, proceeding *pro se*, initiated this suit on December 2, 2008; following an order by the Court, he filed an Amended Complaint on March 2, 2009. (*See* docket #23.) In essence, Plaintiff alleges seven distinct claims that Defendants denied him access to mandatory sex offender treatment, subjected him to involuntary bodily exposure and retaliatory transfers, denied him reasonable access to the courts, and failed to protect him from the risk of assault.

In response to Plaintiff's Amended Complaint, Defendants filed a Motion to Dismiss in Part as to Plaintiff's Claims One, Two, Three, Five, Six, and Seven, and Defendants DeGroot and Misel filed an Answer as to Plaintiff's Claim Four. (Dockets #54, 55.) Defendants also filed a Motion to Dismiss Injunctive and Declaratory Judgment Claims as Moot. (Docket #114.) At Plaintiff's request, the court dismissed Claims Five and Seven by Order of January 22, 2010. (Docket #125.) Subsequently, the Court dismissed Plaintiff's Injunctive and Declaratory claims as moot, dismissed Claims One and Two, and dismissed Claim Three in part. (Docket #133.) The Plaintiff's remaining

---

assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

claims in this action, therefore, are Claim Three (in part), Claim Four and Claim Six.

In the Motion under consideration, Plaintiff seeks partial summary judgment on Claim Four.[2] Plaintiff's Claim Four asserts a violation of the First Amendment and alleges that Defendants DeGroot and Misel, in their individual and official capacities, transferred Plaintiff from the Fremont Correctional Facility ("FCF") to the Limon Correctional Facility ("LCF"), a "significantly harsher" correctional facility that does not offer the Sex Offender Treatment and Monitoring Program ("SOTMP"). (Amended Complaint, docket #23 ¶¶ 81-83.) Plaintiff alleges he was transferred in retaliation for filing grievances against prison staff. (*Id.* ¶¶ 76-77, 85.) He seeks compensatory and punitive damages against Defendants DeGroot and Misel. (*Id.* at 36.)

Defendants filed a Response to Plaintiff's Motion for Partial Summary Judgment, arguing the existence of genuine issues of material fact as to whether Plaintiff sustained a sufficient injury, and whether Defendants retaliated against Plaintiff. (Docket #126.) Plaintiff timely filed a Reply to Defendant's Response to the Motion for Partial Summary Judgment. (Docket #131.)

## DISCUSSION

**I.    Standard of Review**

Summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the

---

[2]Construing Plaintiff's motion liberally, the Court concludes that Plaintiff requests summary judgment only as to liability on Claim Four, not as to damages. Therefore, the Court will confine its discussion to the question of liability.

3

governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

The non-moving party then has the burden of showing that there are issues of material fact to be determined. *Id.* at 324. That is, if the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in the pleadings, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Hysten v. Burlington Northern & Santa Fe Ry. Co.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005).

"The court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005). Any factual ambiguities must be resolved in favor of the non-movant, thus favoring the right to trial. *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987) (citing *Heyman v. Commerce & Indus. Ins. Co.*, 524 F.2d 1317, 1321 (2d Cir.)).

## II. Treatment of a Pro Se Plaintiff's Action

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). In other words, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## III. Analysis

Plaintiff's Claim Four is a civil claim brought pursuant to 42 U.S.C. § 1983 alleging a First Amendment violation against non-employer government personnel. The Tenth Circuit has adopted a three-part test for such actions:

> Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007) (citing *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000)). To satisfy his burden for summary judgment, the Plaintiff must show that no genuine issues of material fact exist as to each of the three elements.

5

The first element requires that the plaintiff was engaged in constitutionally protected activity. Here, Defendants admit that Plaintiff has proven the filing of grievances to be a constitutionally protected activity.

The second element—whether Defendants' actions caused Plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in the protected activity—requires an objective, not subjective, standard. *See Eaton v. Meneley*, 379 F.3d 949, 954-55 (10th Cir. 2004) ("[T]he objective standard permits a plaintiff who perseveres despite governmental interference to bring suit."); *Smith v. Plati*, 258 F.3d 1167, 1177 (10th Cir. 2001) ("The focus, of course, is upon whether a *person of ordinary firmness* would be chilled, rather than whether the particular plaintiff is chilled.") (emphasis in original). Consequently, Defendants' argument that Plaintiff himself was not *actually* chilled from filing grievances is irrelevant. (*See* docket #126 at 7.)

Here, Plaintiff alleges injuries flowing from two facts: (1) that LCF is a "harsher" and more dangerous prison, (docket #23 at 23, ¶ 82; docket #117 at 8; docket #117-1 ¶ 9); and (2) that LCF is a non-SOTMP facility, (docket #117 at 5, ¶ 8; *id.* at 7).

The Plaintiff fails to demonstrate summary judgment is proper on the first alleged harm. Defendant provides evidence that LCF and FCF are equivalent facilities in their ability to house prisoners of Plaintiff's classification. (Docket #126 at 4, ¶ 13.) Accordingly, whether LCF is harsher than FCF is a contested fact and cannot be resolved on a motion for summary judgment.

As to Plaintiff's second alleged harm, the following facts are uncontested: FCF offers a SOTMP, and LCF does not, (docket #117 at 5, ¶ 8; docket #126 at 2, ¶ 8); Plaintiff is subject to an indeterminate sentence under the Sex Offender Lifetime Supervision Act ("SOLSA"), (docket #117

at 5, ¶ 10; docket #126 at 2, ¶ 10); and Plaintiff must participate in SOTMP in order to be eligible for parole, (docket #117 at 5, ¶ 10; docket #126 at 2, ¶ 10). In other words, while Plaintiff remained at LCF, he could not become eligible for parole so long as LCF offered no program satisfying SOLSA requirements.

Defendants allege that Plaintiff was classified as "in denial" with regard to the SOTMP, (docket #126 at 4, ¶ 11), and that he had not re-entered the program even after the passage of a significant period of time before the transfer to LCF (*see* docket #126-1 at 3, ¶¶ 13-14). Drawing inferences from these allegations in the light most favorable to the non-moving party, the Court will assume for purposes of this analysis that Plaintiff was not actively attempting to re-enter the SOTMP at the time of the transfer.

Plaintiff argues that his removal to LCF was a harm because, in essence, it changed his sentence from an indeterminate sentence to a sentence of life without parole. (Docket #131 at 4.) While Plaintiff was incarcerated at a facility that offers the SOTMP, he had the ability, subject to administrative requirements, to participate in the SOTMP and, thus, make himself eligible for parole in that respect. He had that ability even if at a given time he did not choose to exercise it. After he had been transferred to a non-SOTMP facility, he no longer had the ability to participate in the SOTMP. In fact, as Defendants emphasize forcefully to the Court, (docket #126 at 9), prison administrators have discretion over placement decisions. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *see also Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983). Therefore, once Plaintiff was moved to a non-SOTMP facility, his ability to become eligible for parole was taken from him and placed in the sole discretion of the prison administrators, creating the possibility that the administrators could prevent Plaintiff from ever becoming eligible for parole.

7

Defendants do not argue that this particular injury is not sufficient to chill a person of ordinary firmness from filing grievances; in fact, they do not address it at all in their response, confining their discussion to Plaintiff's other alleged harm. In spite of this omission, however, the Court need not decide whether Plaintiff has fulfilled the second element, because Plaintiff fails to satisfy his burden regarding the third element.

The third element requires that Defendants' actions be substantially motivated by retaliation for Plaintiff's engaging in the protected activity. Plaintiff must show that Defendants' retaliatory motive was a "but for" cause of Defendants' actions. *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990).

Here, Defendants provide sufficient evidence of contested material facts to survive a motion for summary judgment. In Defendants' Response, they offer evidence that Defendant DeGroot completed the Reclassification Custody Rating form and recommended the transfer because he had received an email from Offender Services recommending that he do so due to Plaintiff's "S-5D" classification. (Docket #126 at 2-3, ¶¶ 1-3; docket #126-1 ¶¶ 9-10.) Defendants also provide evidence that Defendant Misel did not know Corrections Officer Muro, and had no knowledge of the grievances filed by Plaintiff against Muro. (Docket #126 at 4, ¶¶ 15-16; docket #126-4 ¶¶ 14-15.) These facts, if true, could be enough to show that Defendants would have transferred Plaintiff even if he had filed no grievances and, thus, that retaliation was not a "but for" cause of the transfer.

Plaintiff urges the Court to perform the balancing test from *Turner v. Safley*, 482 U.S. 78 (1987), to evaluate the prison's alleged violation of his First Amendment rights. In the context of a Section 1983 suit by a prisoner, *Turner* reinforces the idea that courts must give proper deference to the authority of prison officials to manage the day-to-day operation of prisons and, thus, that a

8

prisoner "is not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). According to the current test, *Turner* supports the requirement that the Plaintiff show a retaliatory motive as a "but for" cause of Defendants' actions. *Id.* This Court does not see the need to engage in the actual balancing test from *Turner* because the three part test adopted in *Worrell v. Henry*, *supra*, accomplishes the goal of minimizing judicial interference in prison affairs. An explicit *Turner* analysis might be appropriate if Plaintiff were alleging that the transfer, absent any retaliatory motive, violated his due process rights. But that is not the present issue, so the analysis is unnecessary for resolution of this motion.[3]

## CONCLUSION

Here, Plaintiff has failed to establish that there are no genuine issues of material fact with respect to Claim Four because the Defendants provide sufficient evidence disputing whether the alleged retaliatory motive was a "but for" cause of Plaintiff's transfer. Accordingly, the Court RECOMMENDS that Plaintiff's Motion for Partial Summary Judgment [filed January 7, 2010; docket #117] be **DENIED** as set forth herein.

Dated at Denver, Colorado, this 24th day of May, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[3] Plaintiff seeks a declaratory judgment ensuring due process rights as to this claim; however, the present motion addresses *liability* as to Claim Four, not relief. Therefore, the Court need not address whether the claim for declaratory judgment is moot as to Claim Four, as it was as to Claim One. (Docket #133 at 5-7, 16.)