IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-02612-WYD-MEH

JAMES K. CONKLETON,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS, in his official capacity as Executive Director of the Colorado Dept. of Corrections ("CDOC");
JOE STOMMEL, in his official capacity as the Program Administrator of the Sex Offender Treatment and Monitoring Program ("SOTMP") for the CDOC;
JOHN P. McGILL, in his individual and official capacities as a Treatment Provider for the SOTMP;
BONNIE CANTU, in her individual and official capacities as Treatment Provider for the SOTMP;
JAMES LANDER, in his individual and official capacities as Treatment Provider for the SOTMP;
ED MURO, in his individual and official capacities as a Correctional Officer I for the CDOC;
RICHARD DeGROOT, in his individual and official capacities as a Case Manager for the CDOC;
CATHIE HOLST, in her official capacity as Manager for the Office of Correctional Legal Services for the CDOC;
THOMAS MISEL, in his individual and official capacities as Case Manager for the CDOC;
AL ESTEP, in his official capacity as the Warden of the CDOC's Fremont Corr. Facility; and
RICHARD LIND, in his individual and official capacity as a Correctional Officer V,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment filed January 1, 2010 (ECF No. 117.) In the motion, Plaintiff seeks partial

summary judgment on Claim Four, asserting a violation of the First Amendment. Plaintiff asserts in that claim that he was transferred from the Fremont Correctional Facility to the Limon Correctional Facility, a "significantly harsher" correctional facility that does not offer the Sex Offender Treatment and Monitoring Program ["SOTMP"], in retaliation for filing grievances against prison staff.  (Am. Compl., ECF No. 23, ¶¶ 71-77, 81-85.)  A response to Plaintiff's motion was filed on January 28, 2010, and a reply was filed on March 1, 2010.

This motion was referred to Magistrate Judge Hegarty for a recommendation by Order of Reference dated April 28, 2009, and Memorandum of January 7, 2010.  A Recommendation on Plaintiff's Motion for Partial Summary Judgment was filed on May 24, 2010, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D.C.COLO.LCivR. 72.1.

Magistrate Judge Hegarty finds in the Recommendation that Plaintiff's motion should be denied.  (*See* Recommendation at 8-9).  Specifically, he concludes that "Plaintiff has failed to establish that there are genuine issues of material fact with respect to Claim Four because the Defendants provide sufficient evidence disputing whether the alleged retaliatory motive was a "but for" cause of Plaintiff's transfer". (*Id.* at 9.)  This relates to the third element of the First Amendment claim which requires that Plaintiff show Defendants' retaliatory motive was a "but for" cause of Defendants' actions.  (*Id* at 8.)  Since Plaintiff failed to satisfy his burden on that element, it is recommended that Plaintiff's Motion for Partial Summary Judgment be denied.

Magistrate Judge Hegarty advised the parties that they had fourteen (14) days after service of the Recommendation to serve and file written objections in order to obtain reconsideration by the District Court Judge. (Recommendation at 1, 2 n. 1.) Despite this advisement, no objections were filed to the Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I agree with Magistrate Judge Hegarty that Plaintiff failed to show that there is a genuine issue of fact with respect to the third element of his claim; namely, that Defendants' retaliatory motive was a "but for" cause of Defendants' actions. Thus, I agree that Plaintiff's Motion for Partial Summary Judgment should be denied.

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

Based on the foregoing, it is

ORDERED that the Recommendation on Plaintiff's Motion for Partial Summary Judgment filed May 24, 2010 (ECF No. 143) is **AFFIRMED AND ADOPTED.** In accordance therewith, it is

ORDERED that Plaintiff's Motion for Partial Summary Judgment (ECF No. 117) is **DENIED**.

Dated: July 29, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge