IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02612-WYD-MEH

JAMES K. CONKLETON,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS, in his official capacity as Executive Director of the Colorado Department of Corrections (CDOC),
JOE STOMMEL, in his official capacity as the Program Administrator of the Sex Offender Treatment and Monitoring Program (SOTMP) for the CDOC,
JOHN P. MCGILL, in his individual and official capacities as Treatment Provider for the SOTMP,
BONNIE CANTU, in her individual and official capacities as Treatment Provider for the SOTMP,
JAMES LANDER, in his individual and official capacities as Treatment Provider for the SOTMP,
ED MURO, in his individual and official capacities as a Correctional Officer I for the CDOC,
RICHARD DEGROOT, in his individual and official capacities as a Case Manager for the CDOC,
CATHIE HOLST, in her official capacity as Manager for the Office of Correctional Legal Services for the CDOC,
THOMAS MISEL, in his individual and official capacities as Case Manager Supervisor, CDOC,
AL ESTEP, in his official capacity as the Warden of the CDOC's Fremont Correctional Facility, and
RICHARD LIND, in his individual and official capacities as a Correctional Officer V,

    Defendants.

## ORDER ON MOTION TO SUPPRESS AND IN LIMINE

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiff's Combined Motion to Suppress and in Limine [filed November 16, 2010; docket #174]. The matter is briefed,[1] and I find that oral argument will not assist in deciding the motion. For the reasons that follow, the motion to suppress, construed as a motion for sanctions pursuant to Fed. R. Civ. P. 37, is **denied** and the motion in limine is **denied as moot**.

    This dispute arises from the Defendants' addition to their pretrial exhibit list of a document

---

[1] Although given the opportunity to do so, the Plaintiff did not file a reply brief in support of his motion within the time allowed by D.C. Colo. LCivR 7.1C.

that had not been previously produced to the Plaintiff.  Specifically, the Plaintiff contends that the "CDOC Executive Assignment Order for James K. Conkleton dated September 20, 2007," appearing on the Defendants' pretrial exhibit list, should be stricken for Defendants' failure to produce the document in response to his discovery requests concerning Claim Four.  Plaintiff asserts that permitting Defendants to introduce the document will violate Fed. R. Evid. 403, resulting in unfair prejudice, confusion of the issues and misleading of the jury.

Plaintiff also seeks an order restricting the Defendants' use of disciplinary and criminal records of the Plaintiff and other prisoner witnesses to impeachment only, citing Fed. R. Evid. 609.

Defendants respond that, pursuant to the rules governing discovery, they were not obligated to produce the "Executive Assignment Order" to Plaintiff prior to the pretrial conference. Defendants contend that the "Executive Assignment Order" was neither contained in the Plaintiff's working file nor generated by DeGroot or Misel and, thus, was not responsive to any of Plaintiff's discovery requests.  Moreover, Defendants argue that the failure to produce the document during discovery was harmless and the Plaintiff cannot show he will suffer prejudice since there is no trial yet scheduled in this case.  Finally, Defendants assert that they intend to comply with Fed. R. Evid. 609 by utilizing the evidence of Plaintiff's and the other inmate witnesses' criminal convictions for the sole purpose of impeaching the witnesses' credibility.

Under the federal rules, this action is exempt from the initial disclosure required by Rule 26(a)(1). Fed. R. Civ. P. 26(a)(1)(B)(iv).  Therefore, Defendants in this case are not required to produce to the Plaintiff, without awaiting a discovery request, any documents they may use to support their claims or defenses.  *Id.*  However, Defendants have a duty to respond to requests made pursuant to Fed. R. Civ. P. 34 and to supplement any responses they make upon learning that the responses are incomplete or incorrect, or if the additional or corrective information has not been

otherwise made known to the other parties during the discovery process or in writing. Fed. R. Civ. P. 26(e)(1).

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides in pertinent part:

*Failure to Disclose or Supplement*. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

While Rule 37(c)(1) is written in mandatory terms (*see Cook v. Rockwell*, 233 F.R.D. 598, 600 (D. Colo. 2005)), it also vests the court with broad discretion to impose other sanctions in addition to or in lieu of an order striking witnesses or evidence not properly disclosed when a Rule 26 violation has occurred. *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 992-93 (10th Cir. 1999); *see also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). In construing Rule 37(c)(1), "[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply*, 170 F.3d at 993.

Here, the Court must determine first whether Defendants have failed to respond to Plaintiff's discovery requests or to supplement their discovery responses in violation of Rule 26(e). If so, the Court will determine next whether to impose sanctions pursuant to Rule 37(c)(1).

The Court has reviewed Plaintiff's requests for production of documents addressed to Defendants DeGroot (docket #176-2) and Misel (docket #176-3). According to the record in this case, DeGroot was the Plaintiff's case manager at all relevant times and Misel was DeGroot's

supervisor. Defendants contend that they produced all documents responsive to Plaintiff's requests, including all documents in Plaintiff's working file and all documents generated by DeGroot and Misel concerning the Plaintiff that they had in their possession. Defendants assert, without rebuttal, that the "Executive Assignment Order" was neither contained in Plaintiff's working file nor generated by DeGroot or Misel. The Plaintiff does not contend that the document is responsive to any other requests he may have made. As such, the Court concludes that Defendants were not required to produce the "Executive Assignment Order" pursuant to Rule 34 or to Rule 26(e). Because the Court finds no violation of these rules, it need not proceed with an analysis pursuant to Fed. R. Civ. P. 37(c)(1).

Furthermore, the Plaintiff's argument that introduction of the document at trial will result in unfair prejudice or confusion of the issues in violation of Fed. R. Evid. 403 is unsupported. Plaintiff claims that he relies in part for his case in chief concerning Claim Four on the fact that the "Executive Assignment Order" was not produced. The Court disagrees. There is no mention of the challenged document, or its omission, in Plaintiff's Third Amended Complaint nor in the governing Pretrial Order. Rather, in one of his many arguments responding to Defendants' motion for summary judgment, Plaintiff distinguishes certain documents relied upon by the Defendants for a comparison to the Plaintiff's alleged improper transfer, saying that his transfer form was not accompanied by an "Executive Assignment Order." Docket #164 at 10. Without more, the Court cannot conclude that, in so arguing, Plaintiff "relies for his case in chief" on the omission of the "Executive Assignment Order." Thus, the Court perceives no unfair prejudice nor confusion of the issues by the introduction of the challenged document at trial, which is not yet scheduled.

Consequently, the Court will deny Plaintiff's motion to "suppress" introduction of the "Executive Assignment Order" at trial, construed as a motion for sanctions pursuant to Fed. R. Civ.

P. 37.

Finally, with Defendants' unrebutted statement that it intends to comply with Fed. R. Evid. 609 in using evidence of Plaintiff's and other inmate witnesses' criminal convictions solely for impeaching the witnesses' credibility, the Court will deny Plaintiff's motion in limine as moot.

Accordingly, based upon the record herein and for the reasons stated above, it is hereby ORDERED that Plaintiff's Combined Motion to Suppress and in Limine [filed November 16, 2010; docket #174] is **denied** as follows:

(1) Plaintiff's motion to suppress, construed as a motion for sanctions pursuant to Fed. R. Civ. P. 37, is denied; and

(2) Plaintiff's motion in limine is denied as moot.

SO ORDERED.

Dated this 31st day of January, 2011, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge