IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-02612-WYD-MEH

JAMES K. CONKLETON,

     Plaintiff,

v.

ARISTEDES W. ZAVARAS, in his official capacity as Executive Director of the
Colorado Dept. of Corrections ("CDOC");
JOE STOMMEL, in his official capacity as the Program Administrator of the Sex
Offender Treatment and Monitoring Program ("SOTMP") for the CDOC;
JOHN P. McGILL, in his individual and official capacities as a Treatment Provider
for the SOTMP;
BONNIE CANTU, in her individual and official capacities as Treatment Provider for the
SOTMP;
JAMES LANDER, in his individual and official capacities as Treatment Provider for the
SOTMP;
ED MURO, in his individual and official capacities as a Correctional Officer I for the
CDOC;
RICHARD DeGROOT, in his individual and official capacities as a Case Manager for the
CDOC;
CATHIE HOLST, in her official capacity as Manager for the Office of Correctional Legal
Services for the CDOC;
THOMAS MISEL, in his individual and official capacities as Case Manager for the
CDOC;
AL ESTEP, in his official capacity as the Warden of the CDOC' s Fremont Corr. Facility;
and
RICHARD LIND, in his individual and official capacity as a Correctional Officer V,

     Defendants.

---

**AMENDED ORDER AFFIRMING AND ADOPTING RECOMMENDATION
ON PLAINTIFF'S MOTION TO SUPPLEMENT**

---

     This matter is before the Court on Plaintiff's Motion for Leave to Supplement

Complaint Pursuant to Rule 15(d) filed August 19, 2010.  This motion was referred to

Magistrate Judge Hegarty for a Recommendation.  A Recommendation on Plaintiff's

Motion for Leave to Supplement Complaint was issued on October 6, 2010, and is

incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72;

D.C.COLO.LCivR. 72.1C.

Magistrate Judge Hegarty finds in the Recommendation that Plaintiff's Motion for

Leave to Supplement Complaint should be denied.  He notes that Plaintiff's motion

seeks to "revive" Claim One related to Defendants' denial of Plaintiff's reentry into the

Colorado Department of Corrections ["CDOC"] Sex Offender Treatment and Monitoring

Program ["SOTMP"].  (Recommendation at 3.)  This claim was previously dismissed by

me in two parts in an Order issued on March 15, 2010.  (ECF No. 133.)  First, I affirmed

Magistrate Judge Hegarty's recommendation that the claim for monetary relief be

dismissed as to Defendants McGill, Lander and Cantu in their individual capacities for

Plaintiff's failure to demonstrate that his claimed due process right to enter the SOTMP

was clearly established at the time of the alleged violation.  (*Id.* at 10.)  Second, I

dismissed the remaining claim for injunctive and declaratory relief against Defendants

Zavaras and Stommel as moot because Plaintiff received his requested relief in the

form of a transfer to the Fremont Correctional Facility ["FCF"] and placement into Phase

I of the SOTMP.  (*Id.* at 5-7.)

As noted in the Recommendation, Plaintiff now contends that, although he

proceeded successfully through Phase I of the program, Defendants are denying him

access to Phase II by refusing to transfer him to the Phase II facility at Arrowhead

Correctional Center ["ACC"].  (Recommendation at 3.)  Defendants assert in response

that Plaintiff's classification as "close custody" due to his assault on a staff member makes him ineligible for transfer to ACC at this time because ACC does not house close custody inmates.  They further assert that Plaintiff's custody level rating will lower and he may be eligible for transfer to ACC in February 2012.  Thus, he is on the wait list to participate in Phase II treatment at ACC.

Plaintiff argued in his Motion for Leave to Supplement Complaint that Claim One is no longer moot because Defendants' alleged conduct was "capable of repetition" and was, in fact, repeated by Defendants' current denial of SOTMP access. (Recommendation at 3.)  Thus, Plaintiff sought to supplement his Amended Complaint to "renew" Claim One and add the current denial of his entry into Phase II of the program.  (*Id.*)  In his supplemented claim, Plaintiff suggests that the CDOC's lack of a procedure whereby a prisoner with a close custody rating can obtain the mandated sex offender treatment is a violation of his right to due process.  (*Id.* at 3-4.)

As previously stated, Magistrate Judge Hegarty recommended that Plaintiff's Motion to Supplement Complaint be denied.  First, he noted that Plaintiff provides no legal support (and Magistrate Judge Hegarty found none) for his suggestion that, by supplementing his Amended Complaint under Fed. R. Civ. P. 15(d), the Court may "revive" dismissed Claim One as no longer moot.  (Recommendation at 6.)  However, Magistrate Judge Hegarty found that it is well-established that mootness is a jurisdictional ground and, thus, dismissal must be without prejudice, meaning that it is possible for Plaintiff to re-file in this Court the *same* Claim One that was previously dismissed.  (*Id.* at 6-7.)

Magistrate Judge Hegarty then agreed with Defendants that Plaintiff's proposed supplemental claim is not the same as the Claim One originally filed in the Amended Complaint.  (Recommendation at 7.)  The original Claim One sought transfer to an SOTMP facility and placement into Phase I of the program.  (*Id.*)  The supplemented claim alleges denial of access to Phase II of the SOTMP and requests an order requiring Defendants "to immediately arrange Phase II sex offender treatment."  (*Id.*, quotation omitted).  Thus, Magistrate Judge Hegarty found that Claim One may not be "revived" through supplementation under Rule 15(d).  (*Id.*)

That was not the end of the inquiry, however, as the Recommendation found that new claims may be added to an existing complaint pursuant to Fed. R. Civ. P. 15(d). (Recommendation at 7-8.)  Construing Plaintiff's motion liberally, the Recommendation noted that Plaintiff seeks to supplement his Amended Complaint to add a due process claim in violation of the Fourteenth Amendment against Defendants Stommel and Zavaras for their alleged denial of Plaintiff's access to Phase II of the SOTMP.  (*Id.* at 8.)

Magistrate Judge Hegarty then found that the Motion for Leave to Supplement Complaint to add this claim should be denied as he agreed with Defendants that this new due process claim would be futile because it is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  While he noted that "[t]his Court has previously opined in this case that denial of entry into the SOTMP is not distinguished from termination from the program for purposes of a liberty interest analysis pursuant to *Beebe v. Heil*, 333 F. Supp. 2d 1011, 1017 (D.  Colo. 2004)", he found that Plaintiff has not stated an actual

-4-

denial of access to the SOTMP.  (Recommendation at 8.)  The Recommendation also

stated:

> While the Plaintiff disputes whether he assaulted a CDOC staff member, he does not dispute the fact that he has been classified under "close" security. Moreover, the Plaintiff does not rebut Defendants' assertion that he has not been terminated from the SOTMP, but has been placed on a waiting list for continuation of Phase II of the program once his close security classification is lowered in February 2012.  Rather, Plaintiff contends that such action is the same as or similar to being denied access to the SOTMP in contravention of Judge Daniel's opinion in *Beebe*.

(*Id.* at 8-9.)

Magistrate Judge Hegarty concluded that Plaintiff's new claim was

distinguishable from the situation in the *Beebe* case, where Mr. Beebe was terminated

from the SOTMP program.  (Recommendation at 9.)  He stated, "[u]nlike Mr. Beebe, the

Plaintiff here will not be deprived completely of treatment, but rather, will be required

simply to wait to complete Phase II of the program."  (*Id.*)  He then found that the

alleged 20-month delay in Plaintiff's continuation of the program, particularly one

caused by his own conduct, does not rise to the level of a "deprivation" or "grievous

loss" as identified in *Beebe*.  (*Id.*)  Therefore, Magistrate Judge Hegarty recommends a

finding that Plaintiff has failed to state a cognizable liberty interest for purposes of his

supplemented due process claim, and deny Plaintiff's Motion for Leave to Supplement

Complaint on the grounds of futility.  (Id.)

On October 29, 2010, Plaintiff filed Objections to the Recommendation.  Plaintiff

objects to the recommendation that the Motion to Supplement Complaint be denied on

the grounds that Plaintiff failed to state a cognizable liberty interest.  (Objections at 2.)
He argues that this ruling is contrary to law and clearly erroneous.

I first address the standard of review of the Recommendation.  While the issue is
somewhat unsettled, I note that many courts have reviewed a recommendation to deny
a motion for leave to amend the complaint on the basis of futility as a dispositive ruling
since it precludes the filing of certain claims.  *See Hahn v. Star Bank*, 190 F.3d 708,
715-16 (6th Cir. 1999); *Nomura Securities Intern., Inc. v. E*Trade Securities, Inc.*, 280
F. Supp. 2d 184, 198 (S.D.N.Y. 2003)*; McCormick v. City of Lawrence, Kansas*, No.
02-2135-JWL, 2003 WL 158704 at *1 (D. Kan. 2003).  While there are some cases to
the contrary, I believe this is the better reasoned view as the Tenth Circuit has indicated
that "[t]he futility question is functionally equivalent to the question whether a complaint
may be dismissed for failure to state a claim, a question this court reviews *de novo.*"
*Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999); *see also Merida Delgado v.
Gonzales*, 428 F.3d 916, 921 (10th Cir. 2005).  Accordingly, I review the
Recommendation in this case on a *de novo* basis.

I first affirm and adopt that portion of the Recommendation which found that
Claim One may not be "revived" through supplementation under Rule 15(d) since
Plaintiff's proposed supplemental claim is not the same as the original Claim One in the
Amended Complaint.  Plaintiff did not object to this portion of the Recommendation.
Instead, at issue in the Objection is whether Plaintiff should be allowed to amend his
complaint pursuant to Rule 15(d) to add the new supplemental claim.

Plaintiff asserts on this issue that Magistrate Judge Hegarty's findings that he should not be allowed to amend his complaint to add this claim on grounds of futility because he has not demonstrated a protected liberty interest are at odds with the law of this Court because it is based on the erroneous assumption that being on a wait list for treatment is the same as being in treatment. (Objections at 3-4.)  He asserts that the Magistrate Judge "misidentified the basis of Plaintiff's liberty interest as . . . 'progressing through the SOTMP at an expidited pace[.]'" (*Id*. at 4) (quotation omitted).  The actual basis for Plaintiff's liberty interest according to the Objections "is the achievement of parole eligibility within the 10 year minimum of his sentence as promised by CDOC administrative regulation ["AR"] 700-19(IV)(G)." (*Id*.)  That regulation states in part, "The [CDOC] shall provide treatment formats which give offenders the opportunity to progress in treatment and be considered a candidate for parole within the time period of their minimum sentence." (*Id*.)

Plaintiff argues that an unbiased reading of the above AR fails to support Defendants' act of withholding mandatory treatment for nearly two years, especially when the wait relates to a previous disciplinary conviction for which he was already punished. (Objections at 4-5.)  He further argues that the AR is reasonably interpreted as providing treatment "formats" that would allow all prisoners sentenced under the Sex Offender Lifetime Supervision Act ["SOLSA"] the opportunity to be parole eligible within their minimum sentence without distinguishment between their custody rating. (*Id*.)  He also asserts that Defendants' act of withholding treatment is even more questionable since treatment is available in Plaintiff's currently assigned facility and other prisoners

with assault on staff convictions and "close" classifications are allowed to obtain

treatment. (*Id.*) Plaintiff concludes that the *Beebe* case is not limited to only those

liberty interests associated with a prisoner's termination from treatment, and that a

major change in his status occurred when he was placed on a wait list for treatment

which does not allow Plaintiff to be eligible for serious consideration for parole release.

(*Id.* at 5-6.)

I reject Plaintiff's arguments and affirm the Recommendation.  I agree with

Magistrate Judge Hegarty that this case is distinguishable from the *Beebe* case.  Unlike

the situation in *Beebe* where Mr. Beebe's treatment in the SOTMP program was

terminated without due process and he was denied reentry into the program, Plaintiff in

this case has not been terminated from treatment.  Instead, he has to wait for reentry

into the program to a date determinable in the future when his close custody rating has

lowered, presumably in February 2012.  While I realize that this will impact Plaintiff's

ability to be parole eligible within his minimum sentence, the delay is caused by

Defendant's own conduct through his assault on a CDOC staff member.  As such, I find

that this delay does not amount to "a grievous loss to the inmate." *Beebe*, 333 F. Supp.

2d at 1017 (quoting *Vitek v. Jones*, 445 U.S. 480, 492 (1980)).

Plaintiff also argues that Defendants' choice to withhold access to FCF's modified

treatment program violates the Fourteenth Amendment's Equal Protection Clause.

Among other things, he asserts that Defendants' "policy" for determining which SOLSA

prisoners are granted access to FCF's modified treatment program violates the Equal

Protection Clause because it takes the issue of parole eligibility out of the hands of the

prisoner qualified for Phase II treatment and places it squarely in the hands of the prison officials on the basis of a sentence imposed over nine years ago.  I reject Plaintiff's equal protection argument.  This appears to be the first time that Plaintiff has raised this issue.  Plaintiff's Motion to Supplement alleged only that he wanted to supplement the complaint to allege a due process claim in connection with the denial of access to the mandatory sex offender treatment.  Accordingly, Magistrate Judge Hegarty did not address this issue in his Recommendation and the issue is not properly before the Court.

Based on the foregoing, it is

ORDERED that the Recommendation on Plaintiff's Motion for Leave to Supplement Complaint Pursuant to Rule 15(d) (ECF No. 165) is **AFFIRMED AND ADOPTED** and Plaintiff's Objections to the Recommendation (ECF No. 173) are **OVERRULED**.  In accordance with the Recommendation, it is

FURTHER ORDERED that Plaintiff's Motion for Leave to Supplement Compliant Pursuant to Rule 15(d) (ECF No. 153) is **DENIED**.

Dated:  March 15, 2011

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge