IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-02612-WYD-MEH

JAMES K. CONKLETON,

     Plaintiff,

v.

ED MURO, in his individual capacity as a Correctional Officer I for the CDOC;
RICHARD DeGROOT, in his individual capacity as a Case Manager for the CDOC;
THOMAS MISEL, in his individual capacity as Case Manager Supervisor, CDOC; and
RICHARD LIND, in his individual capacity as a Correctional Officer V,

     Defendants.

---

## ORDER AFFIRMING IN PART AND REJECTING IN PART RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

I.  <u>INTRODUCTION</u>

     This matter is before the Court on Defendants' Motion for Summary Judgment filed August 25, 2010 (ECF No. 156.)  This motion seeks judgment as a matter of law on Plaintiff's remaining claims.  These claims include Claim Three (in part), alleging a First Amendment violation in connection with alleged retaliatory placement in segregation against Defendant Muro, Claim Four alleging a First Amendment violation in connection with an alleged retaliatory transfer against Defendants DeGroot and Misel, and Claim Six alleging an Eighth Amendment violation in connection with an alleged failure to protect against Defendant Lind.  A response to Defendants' motion was filed on October 15, 2011.  Although Defendants sought an extension of time to file a reply, no reply was actually filed.

Defendants' Motion for Summary Judgment was referred to Magistrate Judge Hegarty for a recommendation.  A Recommendation on Defendants' Motion for Summary Judgment was issued on January 31, 2011, which is incorporated herein by reference.  Magistrate Judge Hegarty finds in the Recommendation that Defendants' Motion For Summary Judgment should be granted in part and denied in part. Specifically, he finds that summary judgment should be granted on the basis of qualified immunity as to Claims Three and Six.  (Recommendation at 18-27, 33-40.)  As to Claim Four, Magistrate Judge Hegarty finds that summary judgment should be granted as to Defendant Misel on the basis of qualified immunity and denied as to Defendant DeGroot.  (*Id.* 27-33.)  These findings are discussed in more detail below.

Magistrate Judge Hegarty advised the parties that they had fourteen (14) days after service of the Recommendation to serve and file written objections in order to obtain reconsideration by the District Court Judge.  (Recommendation at 1-2, n. 1.) Defendants did not file objections.  Plaintiff filed an Objection on March 7, 2011, objecting to the recommendations made as to Claims Three and Six.[1]

II.   ANALYSIS

A.   Claim Four

I first address the Recommendation to grant in part and deny in part Defendants' Motion for Summary Judgment as to Claim Four.  No objections were filed to that

---

[1]  I note that Plaintiff was given an extension of time until March 3, 2011, to file his Objection.  As it was not filed until March 7, 2011, it is technically late.  However, I will consider it as it was only late by a few days, and it may have taken more time than Plaintiff, who is pro se and incarcerated, anticipated for it to be received by the Court and filed in the electronic docketing system.

portion of the Recommendation.  No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[2]  *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record regarding the recommendation to Claim Four.  As to Defendant Misel, I agree with Magistrate Judge Hegarty that Plaintiff has not shown that "Misel, by his own misconduct, violated the First Amendment by retaliating against Plaintiff by filing a grievance against Muro."  (Recommendation at 33.)  Thus, I agree that summary judgment is appropriate as to Defendant Misel.  As to Defendant DeGroot, I agree with Magistrate Judge Hegarty that Plaintiff has alleged facts demonstrating a genuine issue as to whether Plaintiff's transfer to Limon Correctional Facility ["LCF"] was motivated by retaliatory animus by DeGroot.  Thus, I affirm and adopt that portion of the Recommendation which found that Plaintiff has stated a viable claim of retaliation as to DeGroot and deny summary judgment as to him.

---

[2]  Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

-3-

B.      Claims Three and Six

I now turn to Claims Three and Six.  Plaintiff objects to Magistrate Judge

Hegarty's recommendation to grant Defendants' Motion for Summary Judgment as to

these claims.  Plaintiff's Objection necessitates a *de novo* determination as to those

specified proposed findings or recommendations to which objection is made since the

nature of the matter is dispositive.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).  Under

a *de novo* review "a court 'should make an independent determination of the issues ...;

[it] 'is not to give any special weight to the [prior] determination.'"  *Ocelot Oil Corp. v.*

*Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First*

*City Nat. Bank,* 386 U.S. 361, 368 (1967)) (internal quotation marks omitted).

1.      Claim Three

I first address Claim Three, which Magistrate Judge Hegarty found should be

dismissed on the basis of qualified immunity.  In that claim, Plaintiff alleges that on

August 22, 2009, Defendant Muro "asked the unit control officer to hand out the

Chronological book, stating, 'I'm gonna Chron Johnny Cocharan', or words to that

effect, speaking to Plaintiff."  (Am. Compl., ¶ 59.)  Muro allegedly frequently called

Plaintiff derogatory names.  (*Id.*, ¶ 60.)  Upon hearing the reference to "Johnny

Cocharan", "Plaintiff stated to Muro that he had had enough of his harassment, and was

going to pursue a grievance on the matter."  (*Id.*)  Muro responded that he would have

Plaintiff placed in segregation before then.  (*Id.*)  "Approximately 20-30 minutes later,. . .

security staff arrived" and Plaintiff was placed into segregation.  (*Id.*, ¶ 61.)  On August

31, 2009, Plaintiff was released from segregation without comment or charge.  (*Id.*,

¶ 64.)  On September 11, 2009, Plaintiff initiated the CDOC's grievance system for this matter.  (*Id.*, ¶ 66.)

Magistrate Judge Hegarty found as to Claim Three that neither the Tenth Circuit nor the Supreme Court have addressed whether a threat to file a grievance, as compared to the actual filing of a grievance, is protected activity under the First Amendment.  (Recommendation at 25-27.)  Accordingly, he found that the law was not clearly established at the time of Defendant Muro's action.  (*Id.*)  Magistrate Judge Hegarty also recommended that even if a threat to file a grievance was clearly established protected activity under the First Amendment, Defendants' summary judgment motion should be granted because Plaintiff failed to establish an injury "that would chill a person of ordinary firmness from continuing to engage in the protected activity."  (Recommendation at 26) (quotation omitted).  He stated that "because there is no disputed fact that Plaintiff's placement into segregation for nine days did not restrict Plaintiff's ability to file a grievance (*i.e.*, access the courts) and there are no facts demonstrating how such placement would have chilled a person of ordinary firmness from filing (or threatening to file) grievances, the Plaintiff has failed to demonstrate on supported facts an action sufficiently adverse to constitute retaliation in violation of the First Amendment."  (*Id.* at 27.)

Plaintiff objects to the Recommendation as to this claim, asserting that the verbal articulation to Defendant Muro of an intent to file a grievance as alleged here is protected activity because it is consistent with Plaintiff's status as a prisoner and the penological interests of the CDOC.  Plaintiff argues that this is constitutionally protected

speech.  I agree with Plaintiff, and find it is clearly established that denying a person

the ability to report an alleged constitutional violation through a grievance process or

complaint is an infringement of protected speech.  *See Meyer v. Board of County*

*Com'rs of Harper County*, 482 F.3d 1232, 1243 (10th Cir. 2007).  I find that this right

extends to an inmate in prison.  *Zarska v. Higgans*, No. 05-3204, 2006 WL 689449, at

*3 (10th Cir. March 20, 2006); *see also Meyer*, 482 F.3d at 1243 (First Amendment

rights as to retaliation claim applied to detainee in a mental health facility).

The Tenth Circuit has held that retaliation is "'actionable because retaliatory

actions may tend to chill individuals' exercise of constitutional rights.'"  *Poole v. County*

*of Otero*, 271 F.3d 955, 960 (10th Cir. 2001) (quotation omitted), *abrogated on other*

*grounds*, *Hartman v. Moore*, 547 U.S. 250 (2006).  "[T]he alleged injury should be one

that 'would chill a person of ordinary firmness from continuing to engage in that

activity.'"  *Id*. (quotation omitted).  The injury need not have actually deterred the plaintiff

from engaging in protected injury.  *Id*. (citing *Gomez v. Vernon*, 255 F.3d 1118, 1127

(9th Cir. 2001) ("[A] retaliation claim may assert an injury no more tangible than a

chilling effect of First Amendment rights".)).  Thus, the Tenth Circuit found under the

First Amendment that a threat by the defendant to fire the plaintiff's girlfriend if plaintiff

filed a grievance could give rise to a First Amendment injury if the plaintiff experienced a

"chilling" of his right to file a grievance.  *Hicks v. City of Watonga, Okla*., 942 F.2d 737,

743-44 (10th Cir. 1991).  My opinion in the case of *Rogers v. Garcia*, No. 08-cv-02821-

WYD-MJW, 2000 WL 3547432, at *5-6 (D. Colo. Sep. 3, 2010), cites other relevant

cases supporting my conclusion.

In this case, I find that Plaintiff's efforts to file a grievance were chilled as he was almost immediately placed into segregation after informing Muro that he was going to file a grievance.  Further, Plaintiff has presented evidence that he was denied access to the grievance forms while in segregation, further chilling his ability to file the grievance. (Objection at 5, citing ECF No. 117, Attachments 2 and 10).  Plaintiff argues that Muro's testimony that Plaintiff could obtain grievance forms and file grievances from segregation is contradicted by his evidence.  I agree, and find that there are genuine issues of material fact as to whether Plaintiff was denied access to the grievance forms while in segregation.  These allegations are sufficient for a reasonable jury to find retaliation.  *See Meyer*, 482 F.3d at 1244.

I note that Muro argued in his motion that he did not make the decision to place Plaintiff in segregation.  However, it is undisputed that Muro prepared a written incident report after Plaintiff informed him he was going to file a grievance.  Plaintiff's statement that he was going to file a grievance could be construed to be a motivating factor that led Muro to initiate a process (through preparing an incident report) that could likely result (and ultimately did result) in Plaintiff being placed in segregation.

Based on the foregoing, I reject Magistrate Judge Hegarty's recommendation to grant summary judgment as to Claim Three.  Instead, I find that summary judgment as to Claim Three asserted against Defendant Muro must be denied.

2.    Claim Six

I now turn to Claim Six.  In that claim, Plaintiff asserts that Defendant Lind was deliberately indifferent to his safety when he ordered Plaintiff to be moved from Unit 1 to

Unit 5 at LCF knowing that Plaintiff had received threats from other inmates because of his classification as a sex offender. (*See* Recommendation at 33.) Magistrate Judge Hegarty found that "Plaintiff cannot prove his Eighth Amendment claim because he did not suffer conditions posing a substantial risk of serious harm and Lind was not deliberately indifferent to the Plaintiff's safety." (*Id.*) Thus, he recommends that summary judgment be granted on this claim on the basis of qualified immunity. (*Id.* 33-40.)

Plaintiff also objects to the Recommendation as to this claim, arguing that the facts he put forth demonstrate genuine issues of material fact as to whether sex offenders like Plaintiff face a substantial risk of harm in LCF. Plaintiff states that the substantial risk of harm from the move arises from the fact that he was to be moved from a single cell in Unit 1 to a double cell in Unit 5 wherein he would be placed with a non sex offender prisoner. Plaintiff also objects to Magistrate Judge Hegarty's finding that Defendant Lind did not disregard a known or obvious risk that was very likely to result in threats to or physical assault upon Plaintiff.

I find that summary judgment is appropriate as to this claim and affirm and adopt this portion of the Recommendation. Plaintiff has demonstrated nothing more than a *risk* of physical assault to him upon the move to a double cell in Unit 5, *if* the inmate that he was housed with discovered that Plaintiff was charged as a sex offender and then chose to assault him. As Magistrate Judge Hegarty notes, "[t]he mere risk of physical assaults by inmates who may discover that Plaintiff was charged with a sex offense is insufficient to constitute a substantial risk of serious harm under the Eighth

Amendment." (Recommendation at 37-38) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996)).

Further, Plaintiff has not alleged sufficient factual averments to show that a transfer to Unit 5 was "objectively sufficiently serious". *Riddle*, 83 F.3d at 1205. Plaintiff has not presented any evidence that Unit 5, even with its double cells, was any more dangerous than Unit 1. In that regard, he has not presented evidence that other sex offenders suffered threats or assaults in Unit 5. Further, as noted in the Recommendation, the parties stipulate that the CDOC does not have protective custody for sex offenders or for any inmates, and that sex offenders are housed amongst the general population. Finally, Plaintiff was never even transferred to Unit 5. Based on the foregoing, I find that Plaintiff has not established that he faced a substantial risk of harm in being transferred to Unit 5. He also has not established a sufficiently culpable state of mind as to Lind, *i.e.*, that Lind was "deliberately indifferent" to Plaintiff's health or safety by allegedly recommending the transfer to Unit 5. *Id*.

Accordingly, I affirm and adopt the Recommendation as to Claim Six. Defendants' Motion for Summary Judgment is granted as to this claim.

III.   <u>CONCLUSION</u>

Based on the foregoing, it is

ORDERED that the Recommendation on Defendants' Motion for Summary Judgment filed August 25, 2011 (ECF No. 179) is **AFFIRMED IN PART AND REJECTED IN PART** consistent with this Order. Specifically, it is

ORDERED that the Recommendation is **AFFIRMED AND ADOPTED** as to the finding that summary judgment should be granted as to Claim Six against Defendant Lind and the claim against Defendant Misel in Claim Four and denied as to the claim against Defendant DeGroot in Claim Four.  The Recommendation is **REJECTED** as to the finding that summary judgment should be granted as to Claim Three asserted against Defendant Muro.  Based on the foregoing, it is

ORDERED that Defendants' Motion for Summary Judgment (ECF No. 156) is **GRANTED IN PART AND DENIED IN PART**.  Specifically, it is **GRANTED** as to that portion of Claim Four asserted as to Defendant Misel and as to Claim Six against Defendant Lind.  Defendants Thomas Misel and Richard Lind are **DISMISSED** from the case and shall hereafter be taken off the caption.  Defendants' Motion for Summary Judgment is **DENIED** as that portion of Claim Four against as to Defendant DeGroot and as to Claim Three against Defendant Muro.  Finally, since a Pretrial Order has been issued and the case is now ready for trial, it is

ORDERED that a three-day trial to the Court is set commencing on **Monday, October 17, 2011, at 9:00**.  A Final Trial Preparation Conference is set for **Thursday, September 29, 2011, at 4:00 p.m.**

Dated:  March 28, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge

-10-